AO 398 (Rev. 2/03)

## NOTICE OF LAWSUIT AND REQUEST FOR
## WAIVER OF SERVICE OF SUMMONS

TO: (A)  B. Rush Smith, III

as   (B)  Attorney                                    of (C)  Clayton Homes, Inc.

    A lawsuit has been commenced against you (or the entity on whose behalf you are addressed). A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the
(D) _____ District of   South Carolina
and has been assigned docket number (E)    4:06-cv-01326-TLW    .

    This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within (F)   35    days after the date designated below as the date on which this Notice and Request is sent. I enclose a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

    If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from that date if your address is not in any judicial district of the United States).

    If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth at the foot of the waiver form.

    I affirm that this request is being sent to you on behalf of the plaintiff, this   17TH   day of   May   , 2006   .

*[signature] #1458*
Signature of Plaintiff's Attorney
or Unrepresented Plaintiff

---

A-- Name of individual defendant (or name of officer or agent of corporate defendant)
B-- Title, or other relationship of individual to corporate defendant
C-- Name of corporate defendant, if any
D-- District
E-- Docket number of action
F-- Addressee must be given at least 30 days (60 days if located in foreign country) in which to return waiver

# UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
### FLORENCE DIVISION

| | | |
|---|---|---|
| *Plaintiff(s)* REBECCA PETERS-MONE AND STACEY J. DALBEC, INDIVIDUALLY AND AS CLASS REPRESENTATIVES, | ) ) ) | C/A No.: 4:06-cv-01326-TLW |
| v. | ) | WAIVER OF SERVICE OF SUMMONS |
| CLAYTON HOMES, INC., AND VANDERBILT MORTGAGE AND FINANCE, INC. | ) ) ) | |
| *Defendant(s)* | ) | |

TO: **David Hart Breen**
   Plaintiff(s) Attorney

I acknowledge receipt of your request that I waive service of a summons in this action. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided for by Rule 4 of the Federal Rules of Civil Procedure.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 7 is not served upon you within 60 days after **05/17/2006**           (date request was sent), or within 90 days after that date if the request was sent outside the United States.

_____     _____
(Date)                                                                                   (Signature)

                                                                                              _____
                                                                                              (Printed/Typed Name)

                                                                                              As _____

                                                                                              Of _____

**s/David H. Breen   #1459**
Plaintiff's Attorney Signature

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service if that party believes that the complaint is unfounded or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had actually been served when the request for waiver of service was received.

# UNITED STATES DISTRICT COURT
### DISTRICT OF SOUTH CAROLINA
### FLORENCE  DIVISION

| | | |
|---|---|---|
| Plaintiff(s) | REBECCA PETERS-MONE AND STACEY J. DALBEC, INDIVIDUALLY AND AS CLASS REPRESENTATIVES, ) ) ) | C/A No.: 4:06-cv-01326-TLW |
| | v.    ) | WAIVER OF SERVICE OF SUMMONS |
| Defendant(s) | CLAYTON HOMES, INC., AND VANDERBILT MORTGAGE AND FINANCE, INC.    ) ) ) | |

TO: __David Hart Breen_____
    Plaintiff(s) Attorney

I acknowledge receipt of your request that I waive service of a summons in this action. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided for by Rule 4 of the Federal Rules of Civil Procedure.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 7 is not served upon you within 60 days after **05/17/2006**          (date request was sent), or within 90 days after that date if the request was sent outside the United States.

_____     _____
(Date)                          (Signature)

                                _____
                                (Printed/Typed Name)

                                As _____

                                Of _____

**s/David H. Breen  #1459**
Plaintiff's Attorney Signature

### Duty to Avoid Unnecessary Costs of Service of Summons

*Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.*

*It is not good cause for a failure to waive service if that party believes that the complaint is unfounded or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.*

*A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had actually been served when the request for waiver of service was received.*

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

FLORENCE DIVISION

| | |
|---|---|
| REBECCA PETERS-MONE ) <br> AND STACEY J. DALBEC, ) <br> INDIVIDUALLY AND AS ) <br> CLASS REPRESENTATIVES, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> CLAYTON HOMES INC., AND ) <br> VANDERBILT MORTGAGE ) <br> AND FINANCE, INC., ) <br> ) <br> Defendants. ) <br> ) <br> _____) | C/A No: 4:06-cv-01326-TLW <br><br> PLAINTIFFS AMENDED COMPLAINT <br> (JURY TRIAL REQUESTED) |

The Plaintiffs, Rebecca Peters-Mone and Stacey J. Dalbec, individually and as Class Representatives of similarily situated persons would respectfully show unto this Honorable Court as follows:

1. That the Plaintiffs are residents and citizens of Horry County, State of South Carolina.

2. That the Defendant Vanderbilt Mortgage and Finance, Inc., herein after referred to as "Vanderbilt" is a Tennessee corporation duly organized and existing pursuant to the laws of Tennessee and is doing business in South Carolina, Texas, North Carolina and many other States. That upon information and belief Vanderbilt services and or manages approximately Three Hundred Thousand mortgage accounts in various States.

3. That the Defendant Clayton Homes Inc., hereinafter referred to as "Clayton

Homes" is a conglomerate duly organized and existing pursuant to the laws of one of the States in these United States of America, is licensed to do business in South Carolina and does do business in South Carolina by manufacturing, distributing, selling and financing mobile homes to residents of Conway, South Carolina, Florence, South Carolina and Columbia, South Carolina. That upon information and belief the Defendant Clayton Homes is a wholly owned and direct subsidiary of Berkshire Hathaway, a publicly traded company. That Clayton Homes represents to the public that it has it's own financing company in which to assist mobile home purchasers apply for and obtain mortgage financing, to wit: the Defendant Vanderbilt. That Vanderbilt constitutes an integral part of the Defendant Clayton Homes business in as much as it is the financing arm of said Conglomerate. Clayton Homes is a vertically integrated business and offers consumers the convenience of applying for mortgage financing or re-financing with Vanderbilt. The Plaintiffs would show that Vanderbilt is the only mortgage company listed and presented to consumers by the Defendant Clayton Homes to consider in the financing or re-financing of their mobile home. Clayton Homes also represents to the public and consumers that Vanderbilt is a part of, owned by and or controlled by it. The Plaintiffs would show that Vanderbilt is directly linked to the Defendant Clayton Homes along with other companies that make up the aforementioned conglomerate. The Plaintiffs would show that even though it may appear that Vanderbilt is an individual corporation, it is linked in a configuration designed by the Conglomerate Clayton Homes to all work together to further the business activity, operations, sales, earnings and profits of Clayton Homes.

4. This court has jurisdiction over the case pursuant to the provisions of 28 U.S.C.

1332 (a)(1), (d)(2)(a), (d)(b)(1), (d)(5)(b) (d)(8) and 28 U.S.C. 1453 (b), since all parties are diverse, some of the individual claims of the putative class members may have actual damages in excess of $75,000.00 and the foreseeable damages of the putative class may be more than $5,000,000.00.

5. The Defendant Clayton Homes, Inc. is the largest manufacturer and distributor of mobile homes in the United States and provides it's customers and consumers assistance with the financing of the purchasers new or refinanced of it's homes.

6. The Defendant Vanderbilt is a mortgage company specializing in the management, servicing and collection of mortgage accounts including those of the Plaintiffs.

7. The Defendant Vanderbilt collects and processes mortgage loan payments from consumers and debtors.

8. The mortgage loans and contracts serviced by the Defendant Vanderbilt have due dates and grace periods after which a loan payment is due but before which a late fee may be assessed.

## CLASS ACTION ALLEGATIONS

9. Plaintiffs incorporates by reference all of the foregoing paragraphs.

10. Plaintiffs bring these claims on behalf of the following classes:

   (a) Class 1: This class consists of all persons in the United States who have mortgages serviced by Vanderbilt and have been subjected to a pattern or policy of telephone harassment after a mortgage payment is due and before a late charge is assessed.

   (b) Class 2:

(c) Class 3: This class consists of all persons in the United States whose privacy has been invaded due to Vanderbilt's disclosure of private, confidential and or legally protected financial mortgage account information to neighbors, relatives or other third parties in connection with the Defendant Vanderbilt's attempts to collect debts and manage mortgage accounts.

(d) Class 4: This class consists of all persons in the United States who have mortgage accounts serviced by and or managed by the Defendant Vanderbilt in which the Defendant failed to use reasonable and due care in it's debt collection activities.

(e) Class 5: This class consists of all persons in the United States who have mortgage accounts managed by or serviced by the Defendant Vanderbilt and who have experienced unfair and deceptive practices, self dealing, and unethical conduct perpetrated by Vanderbilt.

11. Plaintiffs are members of the Class they seek to represent.

12. Upon information and belief, in excess of One Hundred and Ninety Thousand mobile home owners have mortgage accounts serviced by the Defendant Vanderbilt. Consequently members of the Class are very numerous and joinder is very impracticable. The Class members are identifiable based upon computer records and collection contact information the Defendant Vanderbilt uses in the operation of it's business.

13. Plaintiffs' claims are typical of the claims of the Class because all of the Class members sustained similar damages as a result of Defendants acts.

14. There are many questions of law and fact common to the Class which predominate over any questions affecting only individual Class members, including:

    a) Whether Vanderbilt engaged in a policy and or pattern of telephone harassment in connection with it's management and or servicing of mortgage accounts.

    b) Whether the Defendant Vanderbilt willfully and or intentionally invaded the privacy of mortgage account Debtors by disclosing their private financial information to third parties.

    c) Whether the Defendant Vanderbilt contacted third parties and communicated deceptive and unfair messages and or statements concerning mortgage account debtors.

    d) Whether the Defendant Vanderbilt has engaged in a policy and or pattern of unfair and deceptive practices in conjunction with it's collection activities.

    e) Whether Defendant Vanderbilt has been negligent in it's management, conduct, or servicing of mortgage accounts.

    f) Whether Defendants are liable to the Plaintiffs and the Class in this action, as alleged in this Amended Complaint.

    g) All common questions are able to be resolved through the same factual occurrences as specifically and/or generally alleged herein.

    h) Plaintiffs will fairly and adequately represent and protect the interests of the members of the Class.

    i) Plaintiffs have no claims antagonistic to those of the Class.

j)  Plaintiffs have retained competent legal counsel who has over nineteen (19) years experience in representing clients in complex litigation cases and consumer litigation cases.

k)  Legal counsel is committed to the vigorous prosecution of this action.

l)  The prosecution of separate actions by the Plaintiffs and individual Class members against the Defendants would create a risk of inconsistent or varying adjudications on the common issues of law and fact that relate to this action.

m) A Class action is superior to all other available methods of adjudication for the fair and efficient resolution of this ongoing controversy.

n)  The expense and burden of litigation would substantially impair the ability of the Class members to pursue individual cases in order to initiate their legal rights.

o)  In the absence of a class action, the Defendants will retain the benefits of their wrongdoing.

p)  Class certification is appropriate in this action because the common issues of fact and law alleged herein are common to the Class members and predominate over any questions affecting only individual members, thereby rendering the class action superior to all other available methods for the fair and efficient adjudication of this ongoing controversy.

q)  Defendants have engaged and continue to engage in conduct and activities that have a great probability of causing substantial and irreparable harm.

r) Members of the aforementioned classes are entitled to declaratory relief necessary to insure that such conduct will not continue, and to provide uniform standards of conduct for servicing class members' loans.

## CAUSES OF ACTION
## FOR A FIRST CAUSE OF ACTION
### (INJUNCTIVE RELIEF AS TO BOTH DEFENDANTS)

15. The Plaintiffs do hereby reaffirm and reallege the allegations contained in Paragraphs One through Ten as fully and completely as if stated verbatim herein.

16. The Plaintiffs would show that the undersigned agents servants and/ or employees of the Defendant Vanderbilt, under the control of the Defendant Clayton Homes, have and are engaging in a course, pattern and or policy of telephone harassment collection activity, communication, contact and calls to and against the Plaintiffs and other residents and citizens located in South Carolina and other States that constitute a violation of **Section 16-17-430 of the South Carolina Code of Laws**. That the Defendants knew, knows or should have know that its conduct and mortgage account collection activity, acts and policy violates South Carolina law yet they have repeatedly engaged, and continues to engage in a deliberate, willful and intentional pattern of telephone harassment which constitutes an integral part of the Defendant Vanderbilt's mortgage servicing activities and business.

19. That the Defendant Vanderbilt, under the control of Clayton Homes, has engaged in a pattern and have a policy of illegal and unlawful mortgage servicing practices regarding the Plaintiffs mortgage accounts. That the Plaintiffs have experienced

said telephone harassment and contact that starts just one day after a payment is considered by the Defendant Vanderbilt as past due but before a late charge is assessed against their account. That this telephone collection activity constitutes harassment and is in violation of South Carolina criminal law prohibiting the unlawful use of the telephone. The Plaintiffs request that this Court issue an appropriate restraining Order and or injunctive relief prohibiting Vanderbilt and it's agents, servant's and or employees from engaging in unlawful telephone harassment in connection with it's mortgage account servicing collection activities. The Plaintiffs would request that any injunctive relief issued by this Honorable Court in this case be applicable to all of mortgage accounts that the Defendants control, service and or manage in South Carolina, North Carolina, Texas and any other State or States that the Defendant Vanderbilt services mortgages in or does business in. That the Plaintiffs and others have experienced actual damages as a proximate result of the Defendant Vanderbilt's aforesaid conduct and activities including emotional distress and embarrassment. The Plaintiffs would also request that they also be awarded a sum for actual damages and punitive damages and that the Defendants be required to pay their reasonable attorneys fees and costs in pursuit of this action

### FOR A SECOND CAUSE OF ACTION
### (VIOLATION OF SOUTH CAROLINA UNFAIR TRADE PRACTICES ACT AS TO THE DEFENDANT VANDERBILT)

20. That the Plaintiffs hereby reaffirm and reallege the allegations in the First Cause of Action as if set forth herein verbatim.

21. That Plaintiffs would show that the Defendant; by and through it's agents, servants and/or employees, formulate and direct their business policy regarding collections, account management, customer contact and customer communications. That said business policies result in telephone calls and contact from the Defendant Vanderbilt to it's mortgage account customers. The Plaintiffs would show that the Defendant has in excess of One Hundred Twenty Thousand mortgage accounts that it manages and or services in just South Carolina, North Carolina, Texas and has additional mortgage accounts and customers in other States.

22. That the Plaintiffs would show that the Defendant Vanderbilt has failed to comply with applicable laws of the State of South Carolina and other States regarding the use of telephone contact with it's mortgage account customers and have performed and engaged in collection account activities in reckless disregard for the rights of the consumers.

23. The Plaintiffs would state that they, along with the Defendants are persons as defined by the South Carolina Unfair Trade Practices Act, that Plaintiffs would further state that through the activities and telephone usage of the Defendant as set forth in the First Cause of Action, that the Defendant has practiced and committed unfair and/or deceptive actions and/or practices in the conduct of it's businesses including but not limited to collection activity, customer contacts and communications.

24. The Plaintiffs would state that these unfair and/or deceptive actions are capable of repetition based on the Defendant's business being, respectively, in mortgage account sales, servicing and management to residents and citizens of various states including South Carolina. The Plaintiffs would state that due to these unfair and/or

deceptive acts and/or practices, that the Plaintiffs have been substantially harmed. Further, the Plaintiffs are informed and believe that these unfair and/or deceptive acts and/or practices were willfully and intentionally done by the Defendant

25. The Plaintiffs are, therefore, informed and believes that they are entitled to judgment as against the Defendant in a sum to be determined by a jury; Plaintiffs reasonable attorneys fees and the costs in bringing about this action and three times their actual damages for the willful nature of the unfair and/or deceptive acts and/or practices.

## FOR A THIRD CAUSE OF ACTION

## (NEGLIGENCE AS TO THE DEFENDANT VANDERBILT)

26. The Plaintiffs hereby reaffirm and reallege the allegations in the First and Second Causes of Action as if set forth herein verbatim.

27. The Plaintiffs would show that the Defendant by and through their agents, servants and or employees was negligent, willful, wanton, careless, reckless and grossly negligent in the following particulars to wit:

    A. In engaging in a policy or pattern of unfair and unlawful telephone contact and harassment of the Plaintiffs commencing one day after one payment is considered by Vanderbilt as past due and during the grace period before a late charge is assessed.

    B. In failing to use reasonable, fair and lawful collection activity and methods;

    C. In failing to adequately supervise and or train it's employees regarding proper and legal collection methods;

That the aforementioned acts and or delicts were done by the Defendant and were the proximate cause of the Plaintiffs damages.

28. That as a result of the negligent, grossly negligent, wanton, careless and reckless acts of the Defendant, by and through their undersigned agents, servants and or employees, the Plaintiffs have experienced actual damages including, but not limited to, emotional distress, embarrassment and litigation costs.

## FOR A FOURTH CAUSE OF ACTION

## (NEGLIGENCE PER SE AS TO THE DEFENDANT VANDERBILT)

29. The Plaintiffs hereby reaffirm and reallege the allegations in the First, Second and Third Causes of Action as if set forth herein verbatim.

30. The Plaintiffs would show that the Defendant by and through their agents, servants and or employees was negligent, willful, wanton, careless, reckless and grossly negligent in the following particulars to wit:

    A. In engaging in a policy or pattern of unfair and unlawful telephone contact and harassment of the Plaintiffs commencing one day after one payment is considered by Vanderbilt as past due and during the grace period before a late charge is assessed.

    B. In failing to use reasonable, fair and lawful collection activity and methods;

    C. In failing to adequately supervise and or train it's employees regarding proper and legal collection methods;

31. That the aforementioned acts and or delicts are in violation of South Carolina Code Section 16-17-430. That said violation by the Defendant of this aforementioned South Carolina Code of Laws constitutes Negligence Per Se and or negligence as a matter of law.

32. That as a result of the negligent per se acts of the Defendant, by and through their undersigned agents, servants and or employees, the Plaintiffs have experienced

actual damages including, but not limited to, emotional distress, embarrassment and litigation costs.

## FOR A FIFTH CAUSE OF ACTION
## (INVASION OF PRIVACY AS TO THE DEFENDANT VANDERBILT)

33. The Plaintiffs hereby reaffirm and reallege the allegations in the First, Second, Third and Fourth Causes of Action as if set forth herein verbatim.

34. The Plaintiffs would show that they have a reasonable expectation of privacy regarding their non-public Vanderbilt mortgage account information.

35. The Plaintiffs would show that the Defendant has engaged and engages in a pattern and or policy of contacting relatives and other third parties and disclosing to them, without the Plaintiffs authorization or permission, confidential, private, non-public mortgage account information in furtherance of it's policy and procedure to secure contact information so as to continue it's policy and pattern of telephone harassment of mortgage account debtors-customers.

36. The Plaintiffs would show that said contact and disclosure is an invasion of Plaintiffs privacy and is done willfully and or intentionally by the Defendant.

37. That as a direct and proximate result of the Defendant's invasion of privacy, the Plaintiffs have been substantially harmed and have experienced actual damages including emotional distress and embarrassment.

38. The Plaintiffs would request actual damages in an amount to be determined by a jury and an award of punitive damages.

**WHEREFORE**, the Plaintiffs pray as follows:

A. That this Court certify the aforementioned classes pursuant to Fed. R. Civ. P. 239 (b) (1), (2) and/or (3);

B. Grant the Plaintiffs injunctive and declaratory relief including, but not limited to, a Restraining Order or other appropriate relief prohibiting the Defendants from engaging in, directing and or ratifying unlawful, unfair and or unreasonable telephone collection activity and or mortgage account servicing activity regarding all mortgage accounts that the Defendant Vanderbilt services. That the Defendant Vanderbilt be required to notify

all mortgage account holders, including the Plaintiffs, that they are entitled to have their account designated as a "do not call account" and that the Defendants be required to pay for the reasonable costs associated with said notification and program implication. The Plaintiffs would request a Restraining Order and Permanent Injunction precluding the Defendant Vanderbilt from contacting any of the Plaintiffs friends, neighbors and or relatives regarding the Plaintiffs mortgage accounts and or debts. The Plaintiffs would further request an award of actual damages, punitive damages, attorneys fees and litigation costs in pursuit of a Restraining Order, Declaratory Relief and or other injunctive relief.

    C). For Judgment as against the Defendant Vanderbilt in the Second Cause of Action in a sum to be determined by a jury for actual damages, an award of reasonable attorneys fees, costs and also for three times the Plaintiffs damages due to the willful activities of the Defendant;

    D). For Judgment as against the Defendant Vanderbilt in the Third Cause of Action for actual damages to be determined by a jury and further for an award of punitive damages; and

    E). For an award of reasonable attorneys fees along with costs;

    F). For Judgment as against the Defendant Vanderbilt in the Fourth Cause of Action for the Plaintiffs actual damages to be determined by a jury and further for an award of punitive damages; and

    G). For such other and further relief as this Honorable Court may deem just and proper.

DAVID H. BREEN, P.A.

_____
David H. Breen
District Court I.D. 1459
Attorney for the Plaintiffs
2411 Oak Street, Suite 305
Myrtle Beach, SC 29577
Phone: 843-445-9915
Email: davidhbreen@sc.rr.com

May 16, 2006

STATE OF SOUTH CAROLINA )
) **VERIFICATION**
COUNTY OF HORRY )

PERSONALLY APPEARED before me, Rebecca N. Peters-Mone, who being duly sworn, deposes and says that she is a Plaintiff in the foregoing Amended Complaint against Vanderbilt Mortgage and Finance Inc., and Clayton Homes Inc; that she has read the matters contained in the Amended Complaint and know same to be true and correct to her own knowledge, information and belief.

_____
Rebecca N. Peters-Mone

Sworn to before me this 16th day of May, 2006

_____(L.S.)
**NOTARY PUBLIC FOR SOUTH CAROLINA**
My Commission expires: 1-12-2015

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | |
| ) | **VERIFICATION** |
| COUNTY OF HORRY ) | |

PERSONALLY APPEARED before me, Stacey J. Dalbec, who being duly sworn, deposes and says that she is a Plaintiff in the foregoing Amended Complaint against Vanderbilt Mortgage and Finance Inc., and Clayton Homes Inc; that she has read the matters contained in the Amended Complaint and know same to be true and correct to her own knowledge, information and belief.

_____
Stacey J. Dalbec

Sworn to before me this 16th day of May, 2006

_____(L.S.)
**NOTARY PUBLIC FOR SOUTH CAROLINA**
My Commission expires: 1-12-2015