IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

FLORENCE DIVISION

| | |
|---|---|
| REBECCA N. PETERS-MONE, STACEY J. DALBEC, individually and as class representatives,<br><br>　　　　　　　　　　Plaintiffs,<br><br>vs.<br><br>CLAYTON HOMES, INC., and VANDERBILT MORTGAGE AND FINANCE, INC.,<br><br>　　　　　　　　　　Defendant. | Civil Action No.  4:06-cv-13260-TER<br><br><br><br><br><br><br>**DEFENDANT VANDERBILT MORTGAGE AND FINANCE, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO AUTHORIZE DISCOVERY** |

Defendant Vanderbilt Mortgage and Finance, Inc., (VMF) opposes Plaintiffs' Motion to Authorize Discovery, filed on May 13, 2006, on the grounds set forth its Motion for Stay Pursuant to Local Civil Rule 16.00, or, in the Alternative, for a Protective Order ("Motion for Stay"). VMF refers to and incorporates herein by reference its Motion for Stay, the grounds for which may be summarized as follows:

　　　1.　　VMF has filed a motion to dismiss Plaintiffs' Amended Complaint pursuant to Federal Rule 12(b)(6), based on Plaintiffs' failure to state a claim for which relief can be granted.

　　　2.　　Discovery and all Federal and Local Civil Rule disclosure and conference requirements and deadlines should be stayed pursuant to Local Civil Rule 16.00 pending resolution of VMF's motion to dismiss. The resolution of the motion to dismiss will not

require a determination of any factual issues. Therefore, neither the parties nor the Court have any need for discovery at this juncture, and to permit discovery now may impose unnecessary burdens and costs on the parties, whereas staying discovery pending resolution of the motion to dismiss will not prejudice the Plaintiffs. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997).

3. Any attempt to conduct discovery at this stage of the proceedings will *not* expedite the fair and efficient resolution of the matter but instead will result in inefficient, time-consuming, expensive, and probably unnecessary litigation over discovery issues. Plaintiffs served discovery requests on VMF before permitted under Federal Rule 26, and the discovery that they have served is not limited to those aspects of the case relevant to the class certification issues. *See* Rule 23, Advisory Committee Notes, 2003 Amendments (noting that some "controlled discovery" prior to the class certification is appropriate). It is especially important for discovery to proceed in a planned and properly controlled manner because this is a putative class action and there is a related, potentially "competing" putative class action, *Leung, et al. v. Vanderbilt Mortgage and Finance, Inc., et al.*, pending in this Court. Therefore, even if discovery were not stayed pursuant to Local Civil Rule 16.00 pending resolution of the motion to dismiss, discovery should not proceed until after (a) the parties have conferred pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, (b) the parties by agreement and/or the Court by order have established the proper scope, sequencing, and time for discovery prior to the class certification hearing, and (c) the parties and the Court have addressed the issue of whether this action and the related action should be consolidated for discovery or other purposes.

VMF respectfully requests that this Court deny the Plaintiffs' Motion to Authorize Discovery, filed May 13, 2006, for the reasons stated herein and in VMF's Motion for Stay.

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: s/B. RUSH SMITH III
1320 Main Street / 17th Floor
Post Office Box 11070 (29211)
Columbia, SC  29201
(803) 799-2000

OF COUNSEL:

Frank A. Hirsch, Jr.
Matthew P. McGuire
Nelson Mullins Riley & Scarborough LLP
GlenLake One, Suite 200
4140 Parklake Avenue
P. O. Box 30519
Raleigh, NC  27612
(919) 877-3800

Attorneys for Defendants

May 30,  2006
Columbia, South Carolina