**UNITED STATES DISTRICT COURT**

**DISTRICT OF SOUTH CAROLINA**

**FLORENCE DIVISION**

| | | |
|---|---|---|
| REBECCA PETERS-MONE AND STACEY J. DALBEC, INDIVIDUALLY AND AS CLASS REPRESENTATIVES, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | C/A No: 4:06-cv-01326-TLW |
| vs. | ) ) | |
| VANDERBILT MORTGAGE AND FINANCE, INC., AND CLAYTON HOMES, INC., | ) ) ) ) | PLAINTIFFS OPPOSITION TO DEFENDANT'S MOTION FOR STAY OR IN THE ALTERNATIVE FOR A PROTECTIVE ORDER |
| Defendants. | ) ) ) | |

The Plaintiffs, Rebecca Peters-Mone and Stacey J. Dalbec, hereby submit this Objection to the Defendant, Vanderbilt Mortgage and Finance Inc.'s ("VMF") Motion to Stay or in the Alternative for a Protective Order.

The Defendant's first request that discovery, entry of scheduling order(s) and all Federal and Local Civil Rule disclosures and conference requirements and deadlines be stayed until after it's pending Rule 12(b)(6) Motion to Dismiss is "resolved". The Plaintiffs would show that they will be moving to file a Second Amended Complaint this month pursuant to Rule 15 of the Federal Rules of Civil Procedure (FRCP). Therefore if the Defendants consent to the filing of a Second Amended Complaint or if the Court grants Plaintiffs Motion to Amend, then the Defendant's pending Motion to Dismiss is moot. Even assuming that the Defendant was entitled to have the claims of the individual named Plaintiffs dismissed prior to certification ,that does not automatically moot the class action as the Court held in **Martinez-Mendoza v. Champion**

**International Corp.,** 340 F.3d. 1200 (11th Cir. 2003).

Plaintiffs would show that they served counsel for VMF with Interrogatories and Request for Production of Documents on May 4, 2006 in an effort to keep expenses to a reasonable level, narrow the issues for trial and or class certification and also move the case towards a speedy resolution. Plaintiffs counsel was hoping that the parties would be able to engage in mutual voluntary discovery. When it became clear that VMF would not be amenable to any participation in voluntary discovery, Plaintiffs counsel advised VMF's counsel to consider Plaintiffs discovery requests and the Defendant's responses to said requests stayed until the Court Order's discovery. Plaintiffs then filed and served their Motion for Discovery on May 12, 2006.

Plaintiffs would show unto this Honorable Court that VMF has engaged in a policy of unrelenting and persistent telephone harassment of it's mortgage customers. The Plaintiffs believe that the extent and scope of this unlawful harassment by VMF is unprecedented in the history of the United States of America. A large part of the corroborating physical evidence of VMF's harassment exists in the telephone logs and computer records which are under the sole control and custody of VMF. Based upon VMF's history and policy of unlawful conduct and it's flagrant disregard for the legal rights of it's customers, the Plaintiffs are well justified in their Motion and request for this Court to authorize discovery prior to the Rule 26)f) Conference. The Plaintiffs would further show that they have a reasonable basis and concern for the immediate acquisition and or preservation of potential evidence in this case.

VMF's motive in having discovery and all other facets of this case stayed, excluding **only** it's Motion to Dismiss, is an attempt to bring this case to a standstill and delay Plaintiffs justice.

It is well settled that the ultimate scope and conduct of discovery are within the sound discretion of the district court. **Lewis v. Bloomburg Mills, Inc.,** 608 F.2d 971, 973 (4th Cir.

**1979)**; **NC Ass 'n of Black Lawyers v. NC Bd of Exam,** **538 F.2d 547 (4th Cir. 1976)**. At this crucial stage of the litigation, it would be appropriate for the Court to issue it's Order authorizing discovery on the issues pertaining to class certification and the merits of the claims asserted since an Order limiting discovery fosters disputes between counsel, delays the process of case preparation while Motions must be set for hearing, and almost inevitably requires the Court's monitoring of discovery on a near daily basis. See **Manual for Complex Litigation, Third, Section 30.12 (1995)** and **Gray v. First Winthorp Corp.,** **133 F.R.D. 39, 41 (ND Cal 1990)**.

Plaintiffs respectfully request that this Court deny the Defendant, VMF's Motion for Stay or in the Alternative for a Protective Order filed May 30, 2006 for the reasons stated herein and in the Plaintiffs Motion to Authorize Discovery.

                                          s/David H. Breen_____
                                          David H. Breen, Esquire #1459
                                          Attorney for the Plaintiffs
                                          2411 Oak Street, Suite 305
                                          Myrtle Beach, SC  29577
                                          843-445-9915
                                          davidhbreen@sc.rr.com

Dated: June 7, 2006
Myrtle Beach, South Carolina