**UNITED STATES DISTRICT COURT**

**DISTRICT OF SOUTH CAROLINA**

**FLORENCE DIVISION**

| | | |
|---|---|---|
| **REBECCA PETERS-MONE AND STACEY J. DALBEC, INDIVIDUALLY AND AS CLASS REPRESENTATIVES,** | ) ) ) ) ) | |
| Plaintiffs, | ) ) | C/A No: 4:06-cv-01326-TLW |
| vs. | ) ) | **PLAINTIFFS OPPOSITION TO DEFENDANT'S MOTION TO DISMISS WITH MEMORANDUM** |
| **VANDERBILT MORTGAGE AND FINANCE, INC., AND CLAYTON HOMES, INC.,** | ) ) ) ) | |
| Defendants. | ) ) ) | |

The Plaintiffs, Rebecca Peters-Mone and Stacey J. Dalbec, hereby submit this Objection to the Defendant, Vanderbilt Mortgage and Finance Inc.'s ("VMF") Motion to Dismiss which was filed on May 30, 2006. The Defendant claims that it is entitled to the relief requested in it's Motion based upon it's assertion that the Plaintiffs have failed to state a claim upon which relief can be granted (See Rule 12(b)(6) of the Federal Rules of Civil Procedure). The law in South Carolina is that "A judgment on the pleadings is considered to be a **drastic** procedure by our Courts." *Russell v. City of Columbia*, 305 S.C. 86, 89, 406 S.E.2d. 338, 339 (1973). *See also Stroud v. Riddle* 260 S.C. 99, 102, 194 S.E.2d 235, 237 (1973).

Plaintiffs would show that the Defendant's motion should be denied based upon on the grounds that: 1) It is moot, 2) It is premature and 3) The Plaintiffs have stated claims upon which relief can be granted.

Plaintiffs have completed a Second Amended Complaint which is ready to be filed and served upon the Defendants.  A copy of Plaintiffs Second Amended Complaint is attached hereto and incorporated by reference herein as Exhibit "A".  The Plaintiffs Second Amended Complaint contains specific allegations of material facts in support of the Plaintiffs causes of action for: 1) Injunctive relief, 2) Declaratory relief, 3) Negligence, 4) Negligence Per Se, 5) Invasion of Privacy and 6) The Intentional Infliction of Emotional Distress.

That said Second Amended Complaint contains a **very important exhibit**.  This exhibit, the original of which will be entered into evidence at the trial of this case, is a hand written list of the telephone calls made by VMF to the Plaintiff, Rebecca Peters-Mone.  The list establishes and shows that VMF called her either at home or on her cellular telephone constantly, frequently and repeatedly.  These calls by VMF which are documented in Ms. Peters-Mone's attached affidavit are sworn, **under penalty of perjury**, to be true.  The Plaintiffs would show, by way of this sworn affidavit and the sworn affidavit of the Plaintiff Stacey Dalbec which is included in this Objection, that they have

presented substantiative and compelling evidence of VMF's civil liability and culpability in this case.

VMF may claim that their harassing telephone calls never happened, unfortunately for VMF the Plaintiffs would show that there are records, some of which the Plaintiffs have in their custody and control that corroborate these sworn affidavits. Additionally, once the Plaintiffs obtain VMF's and it's telephone carrier's records in discovery then more tangible and objective evidence will surface documenting and establishing VMF's massive and protracted bombardment of their mortgage account customers with annoying and harassing telephone collection calls.

As the Plaintiffs prove in their sworn affidavits, copies of which are attached hereto, they along with all other class members know exactly what it feels like to live in constant fear and dread of answering their telephone at home or at their places of work. They also know first hand what it feels like to know that VMF is calling their relatives and family members and "pumping them" for contact information in order to "track them down".  They know what it feels like to get as many as **<u>eight collection telephone calls in one day from their mortgage company</u>**.

Plaintiffs have presented sufficient credible evidence to get this case to a jury.  It is a jury that should decide if VMF has engaged in a pattern and policy of violating South Carolina and Federal law, including but not limited to, committing negligent

acts in the course of managing and or collecting it's mortgage accounts, violating the Plaintiffs right to privacy in their own homes and VMF'S intentional infliction of severe emotional distress upon it's customers.

As the this Honorable Court can clearly see, the Plaintiffs and all other class members have suffered great and irreparable harm as a direct and proximate result of VMF's illegal and criminal conduct.

The Plaintiffs would show that these harassing collection telephone calls made by VMF are **not** isolated incidents.  Companies the size of VMF, with it's thousands of employees, have policies, guidelines and procedures that it requires that their employees follow and perform.  It is more probable than not that in this case VMF evaluated all of it's One Hundred and Ninety Thousand mortgage account customers to ascertain which ones it felt needed to be harassed.  Once they commenced the harassment it tracked which customers were responding by sending in their payments at the earliest possible time during the grace period and which ones were not.  The persons who were not responding and complying in a manner VMF deemed satisfactory were then targeted and subjected to even more aggressive telephone harassment.  VMF performed this scheme and acts of negligence by inputting the targeted customers names and telephone numbers into their telephone and computer systems.  This procedure thereby allowed

them to program and fine tune the tweak, up or down, the intensity of their telephone harassment at any given time.

Plaintiffs will be moving to file their Second Amended Complaint **immediately** pursuant to Rule 15 of the Federal Rules of Civil Procedure (FRCP).  Consequently, if the Defendant consents to the filing of this Second Amended Complaint or if the Court grants the Plaintiffs Motion to Amend their Complaint, then the Defendant's pending Motion to Dismiss is moot.  Even assuming that the Defendant was entitled to have the claims of the individual named Plaintiffs dismissed prior to certification, that does not automatically moot the class action as the Court held in *Martinez-Mendoza v. Champion International Corp., 340 F.3d. 1200 (11th Cir. 2003).*

VMF has engaged in a policy of unrelenting and persistent telephone harassment and unlawful disclosure of private account information of and concerning it's mortgage account customers.  This is proven and established by the evidence contained in and by the sworn affidavit of the Plaintiff, Rebecca Peters-Mone, a copy of which is attached hereto and incorporated by reference herein as Exhibit "B" along with the sworn affidavit of the Plaintiff, Ms. Stacey Dalbec, a copy of which is attached hereto and incorporated by reference herein as Exhibit "C".

These sworn and un-controverted affidavits provide valuable information and evidence for the Court to consider in making it's

ruling on the Defendant's motion.  The Plaintiffs would show that these two sworn affidavits give factual support to the Plaintiffs allegations and requests for relief in the current Amended Complaint as well as the Second Amended Complaint.  Plaintiffs would show unto this Honorable Court that their sworn factual evidence of VMF'S wrongdoing, unlawful activity and negligence of VMF is just the "tip of the iceberg" and that additional evidence could be obtained after discovery has commenced since VMF and other third parties will be legally required to comply with Plaintiffs counsel's discovery requests and Subpoenas Duces Tecum.  Consequently Plaintiffs action for injunctive and or declaratory relief should not be dismissed.

In this case the Plaintiffs have a private right of action against VMF for injunctive relief, declaratory relief, negligence and negligence per se for it's violation of Section 16-17-430 of the South Carolina Code of Laws.  It is well settled that a violation of a penal statute can result in civil liability. 1 Am. Jur.(2d) *Actions* Section 57 at 589 (1962).

The South Carolina Supreme Court examined the issue of whether a person has a private right of action for a violation of a statutory prohibition in previous cases involving alcohol consumption and injuries.  In the 2005 case of *Marcum v. Bowden, (Opinion Number 26035)* the Court decided to create a civil duty

and liability where one had not existed before for a Defendant's statutory criminal law violation of Sections 61-4-90 and 61-6-4070 of the South Carolina Code of Laws. These Code sections make it unlawful for a person to transfer or give alcohol to a person under twenty-one years of age. The Court in *Marcum, supra* noted that there "is no statute in South Carolina regarding civil liability for a person who sells or gives alcohol to an underage person" yet the Court ruled that "the imposition of liability is based on the fact that the host violated state statutes providing that the transfer or gift of alcohol to an underage person is a criminal misdemeanor".

The Court in *Marcum, supra*, went on to state that it's ruling was supported by public policy grounds and considerations including efforts to deter minors from consuming alcohol and the protection of immature persons.

In the case of *Whitlaw v. Kroger Co*, 306 S.C. 51, 410 S.E.2nd 251 (1991) the South Carolina Supreme Court held that a Plaintiff has a private right of action for negligence based upon a statutory violation if the Plaintiff can establish negligence per se and causation. The Plaintiff must show two things: (1) that the essential purpose of the statute is to protect from the kind of harm the Plaintiff has suffered; and (2) that he is a member of the class of persons the statute is intended to protect.

In the case at bar, the aforementioned statute does create a

standard of care and a duty not to violate it.  The statute's intention, whether obvious or inferred, is to protect the privacy rights of the Plaintiffs and other class members who own telephones.  It is well settled that the use of one's telephone involves substantial privacy interests and Section 16-17-430 seeks to protect that interest from an invasion made in a shocking manner. *State v. Brown, 274 S.C. 506, 266 S. E. 2nd 64 (1980).*

Section 16-17-430 seeks to protect a specific class of persons, those who have telephone service, either land line or cellular and the Plaintiffs and other class members are the ones that the statute is designed to protect since they have land lines and cellular telephone service.  The Plaintiffs meet both of the aforementioned requirements of *Whitlaw, supra*.

In addition to what the Defendant claims the Statute prohibits, "criminalizing obscene or threatening communications", it **also** criminalizes harassing and coercive communications.  VMF uses harassing telephone calls to coerce it's mortgage account customers into paying their mortgage payments at the earliest possible time during the grace period.  By doing this VMF can obtain and invest these payments in their interest bearing financial accounts, accounts owned by Clayton Homes and the bank that it owns and controls and accounts owned by Berkshire Hathaway Inc., the parent Conglomerate.  These deposits, earnings and interest are credited to VMF's accounts the day VMF deposits the

customers payments so the sooner it can get it's customers to pay and deposit those payments, the more money it will make on interest from those monies. Therefore VMF has a financial motive and financial incentive to make their customers pay at the earliest possible time in order to benefit from the additional time that their monies are earning interest.

VMF owes a common law duty to the Plaintiffs based upon it's relationship and contract with the Plaintiffs which VMF manages, controls and manipulates for itself and Clayton Homes Inc., and or Berkshire Hathaway Inc.

VMF maintains vastly superior strength, power, resources and financial knowledge in comparison to it's customers who, for the most part, are members of the working class, unsophisticated in financial affairs and non college educated.  These unequal positions can lead to an abusive relationship as has occurred in this case.  Notwithstanding that, the Defendant claims that the aforementioned statute was not intended to apply to telephone calls made by a creditor, in this case his client VMF, to a debtor, in this case the Plaintiffs and all other class members, when a payment is past due.  The Plaintiffs would show that VMF's claim of some sort of magic creditor immunity from civil liability and or criminal prosecution is pure fantasy.  In fact, the statute is not designed to protect the general public as the

Defendant claims since many people do not have a telephone line registered in their own name and use friends or relatives phone numbers and service.

The Plaintiffs would show that the aforementioned statute was designed and intended to protect a specific class of persons, those with telephone service, from all persons and business entities, including VMF, that use their state of the art telephone technology, telephone software, computer telephone auto dialers and telephone equipment to engage in annoying and harassing conduct and activity as described in the Plaintiffs sworn affidavits.

In the case of *Wise v. Broadway, 315 S.C. 273, 433 S.E.2nd 857 (1993)*, the Court held that "The causative violation of a statute constitutes negligence per se and is evidence of recklessness and willfulness, requiring the submission of the issue of punitive damages to the jury." It is well settled that negligence per se is negligence arising from the Defendant's violation of a statute. See *Coleman v. Shaw*, 281 S.C. 107, 314 S.E.2d 154 (Ct.App.1984). *See also* 28 Words and Phrases *Negligence Per Se* 683 (1955)(citing *Boylston v. Armour & Co.* 196 S.C. 1, 12 S.E.2d 34 (1940).

Negligence per se simply means the jury need not decide if the defendant acted as would a reasonable man in the circumstances. The statute fixes the standard of conduct of the

defendant, leaving the jury merely to decide whether the defendant breached the statute.

The question of whether a common law duty is owed by VMF to the Plaintiffs must be answered in the affirmative.

It is well settled that there is no formula for determining duty; a duty is not sacrosanct in itself but only and expression of the sum total of those considerations of policy which lead the law to say that a particular Plaintiff is entitled to protection. Suffice it to say that a multiplicity of factors come into play when courts contemplate the question of duty.  These factors include the policy of deterring future tortfeasors, the moral culpability of the tortfeasor and numerous other conceivable factors; duty is seen in general terms as requiring a person or corporation to conform his or its conduct to a standard which is adequate to protect others from unreasonable risk of harm. *Araujo v. Southern Bell Telephone and Telegraph Company, 291 S.C. 54, 351 S.E.2nd 908 (1986).* See, Prosser and Keaton *On The Law of Torts*, Chapter 9, Section 53 (5th ed. 1984)(thorough discussion of the law of duty and its development in the common law).

Plaintiffs would show that the Defendant is correct in it's contention that a cause of action for violation of the South Carolina Unfair Trade Practices Act cannot be maintained in a representative capacity and that is why that cause of action

it is not included in the Plaintiff's Second Amended Complaint.

The Plaintiffs expanded details, facts and allegations contained in their Second Amended Complaint along with the sworn testimony contained in their affidavits justify and warrant this Court ordering injunctive relief for the Plaintiffs and all other class members.

The Plaintiffs would show that their negligence and negligence per se causes of action do state grounds upon which relief can be granted especially considering the evidence contained in the Plaintiffs affidavits.

In a negligence claim, the Plaintiff must show that the defendant was negligent and such negligence was the proximate cause of the Plaintiff's injury. *Sherrill v. Southern Bell Telephone & Telegraph Company*, 260 S.C. 494, 197 S.E.2nd 283 (1973).  See *Cantrell v. Carruth*, 250 S.C. 415, 158 S.E.2nd 208 (1967) (violation of a statute is negligence per se).

The Plaintiffs would show that there now exists evidence of VMF's intentional infliction of emotional distress, negligence, negligence per se, violation of the Plaintiffs privacy rights, VMF's illegal disclosure of the Plaintiffs private financial account information and the resulting irreperble harm caused by VMF's conduct.  Accordingly, the Defendant's motion to dismiss pursuant to Rule 12(b)(6) should be denied.

          S/David H. Breen
          David H. Breen, Esquire #1459
          Attorney for the Plaintiffs
          2411 Oak Street, Suite 305
          Myrtle Beach, SC  29577
          843-445-9915
          davidhbreen@sc.rr.com

Dated: June 19, 2006
Myrtle Beach, South Carolina