IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

FLORENCE DIVISION

| | |
|---|---|
| REBECCA N. PETERS-MONE, STACEY J. DALBEC, individually and as class representatives,<br><br>                       Plaintiffs,<br><br>vs.<br><br>CLAYTON HOMES, INC., and VANDERBILT MORTGAGE AND FINANCE, INC.,<br><br>                       Defendants. | Civil Action No. 4:06-cv-01326-TLW<br><br>**SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT VANDERBILT MORTGAGE AND FINANCE, INC.'S MOTION TO DISMISS** |

Defendant Vanderbilt Mortgage and Finance, Inc. ("VMF"), pursuant to this Court's order regarding procedures for the Plaintiffs' Third Amended Compliant, Local Civil Rule 7.04 and Rule 12(b)(6) of the Federal Rules of Civil Procedure, respectfully submits this Supplemental Memorandum of Law in Support of its Motion to Dismiss Plaintiffs' Third Amended Complaint. VMF adopts and incorporates herewithin its summary of the case, statement of facts and legal standard as outlined in its Memorandum of Law in Support of VMF's Motion to Dismiss filed with this Court on August 7, 2006.

**I.    Plaintiffs Have Not Stated a Valid Claim for a Breach of Covenant of Good Faith and Fair Dealing.**

Plaintiffs allege in their sixth cause of action that VMF violated the implied covenant of good faith and fair dealing by "engaging in a company wide policy of customer harassment and

intimidation" through "telephone harassment and contact that starts just *one day after a payment is . . . due but before a late charge is assessed . . .*" (Third Amended Complaint, ¶ 57) (emphasis added). As outlined below, Plaintiffs' claim for breach of the covenant of good faith and fair dealing must be dismissed. Because by Plaintiffs' own admission, VMF's contact with Plaintiffs started after Plaintiffs failed to satisfy the terms of the loan agreement by making timely payments.

It is well settled that every contract has implied in it a covenant of good faith and fair dealing. *e.g. Adams v. G.J. Creel and Sons*, 320 S.C. 274, 277, 465 S.E.2d 84, 85 (S.C. 1995). However, when one party to the contract is in default under the terms of the agreement, that party cannot proceed for a claim of a breach of the implied covenant of good faith and fair dealing. *Swinton Creek Nursery v. Edisto Farm Credit, ACA*, 334 S.C. 487, 514 S.E.2d 126, 135 (S.C. 1999) (citing *Parks v. Lyons*, 219 S.C. 40, 48, 64 S.E.2d 123, 126 (S.C. 1951)). Furthermore, there is no breach of an implied covenant of good faith where a party to a contract has done what provisions of the contract expressly gave him the right to do. *First Fed. Savings and Loan Ass'n of S.C. v. Dangerfield*, 307 S.C. 260, 267, 414 S.E.2d 590, 594 (S.C. Ct. App. 1992).

Based on Plaintiffs' allegations, the alleged breach of the covenant occurred after their loan payments were due. (Third Amended Complaint, ¶ 57). Pursuant to South Carolina law, default is defined as the failure to make a payment as required by the agreement. *See* S.C. Code Ann. § 37-5-109 (Lexis 2005) (defining default for consumer loans); *Allendale Furniture Co., Inc. v. Carolina Commercial Bank*, 284 S.C. 76, 77-78, 325 S.E.2d 530, 531 (S.C. 1985) (recognizing rights under mortgages where a party does not make a timely payment under the agreement). Therefore, as a matter of law, Plaintiffs were in default of their

2

contractual obligations, and under *Swinton Creek*, they cannot complain of breach of the covenant of good faith and fair dealing.

## II.    Plaintiffs Have Not Stated a Valid Claim for Breach of Confidence.

Plaintiffs allege as their seventh cause of action a claim for "breach of confidence." They allege that VMF violated an implied trust between VMF and Plaintiffs by engaging in "a company wide policy of disclosing to non authorized third parties, their customers [sic] private and confidential mortgage account and mortgage payment information." (Third Amended Complaint, ¶ 62).

South Carolina has recognized a cause of action for a breach of confidentiality in the physician-patient context. *McCormick v. England*, 328 S.C. 627, 494 S.E.2d 431 (S.C. Ct. App. 1997). However, South Carolina has not recognized the cause of action in the context of any other relationship. Our courts deem a breach of confidence to be actionable when a doctor discloses confidential information about a patient because the two are in a fiduciary relationship and mutual trust and confidence are essential. *Id*. at 635, 494 S.E.2d at 435. Accordingly, in addition to the necessary doctor-patient setting, at least one other essential element is required in order for a plaintiff to maintain a cause of action for a breach of confidence – the parties must be in a fiduciary relationship.

In addressing the issue of fiduciary relationships in the financial world, the South Carolina Supreme Court has held that the creditor-debtor relationship is not a fiduciary one. *Burwell v. S.C. Nat'l Bank*, 288 S.C. 34, 40-41, 340 S.E.2d 786, 790 (S.C. 1986). A borrower does not have a confidential relationship with a lender because the parties are dealing in an arm's length transaction in the ordinary business relationship. *Nat'l Loan & Exchange Bank v. N.Y. Life Ins. Co., et. al.*, 149 S.C. 378, 147 S.E. 322, 323 (S.C. 1929). A fiduciary

3

relationship cannot be established by the unilateral action of one party. *Regions Bank v. Schmauch, et. al.*, 354 S.C. 648, 670-71, 582 S.E.2d 432, 444 (S.C. Ct. App. 2003) (citing *Brown v. Pea*rson, 326 S.C. 409, 423, 483 S.E.2d 477, 484 (S.C. Ct. App. 1997). The other party must have actually accepted or induced the confidence placed in him. *Id*. As a result, because Plaintiffs have failed to establish that the relationship between VMF and Plaintiffs was that of fiduciary, a cause of action for a breach of confidence cannot be maintained.[1]

In the present case, Plaintiffs' claim for an alleged breach of confidence is not actionable. South Carolina has not recognized the cause of action outside the doctor-patient relationship. Even if the claim could be maintained outside that setting, the lender-borrower relationship is not a fiduciary relationship to which the cause of action would apply. Finally, Plaintiffs have stated no facts that evidence any undertaking on the part of VMF that could have lead Plaintiffs to place a special trust of confidence in VMF. As a result, Plaintiffs' claim must be dismissed for failure to state facts sufficient to allege essential elements for a claim of breach of confidentiality.

---

[1] A number of other states have declined to recognize a cause of action for a breach of confidence in the lender-borrower relationship. *Groob, et. al. v. Keybank et. al.*, 843 N.E.2d 1170, 1175 (Ohio 2006) (declining to recognize a cause of action for a breach of confidentiality or impose a fiduciary duty upon a bank whenever the bank receives confidential information because nearly ever transaction would give rise to a fiduciary duty); *ARP v. United Comty. Bank, et. al.*, 612 S.E.2d 534, 538 (Ga. Ct. App. 2005) (acknowledging that no confidential relationship exits between a lender and a borrower because the relationship of debtor and creditor clearly creates opposite interests); *Huntington Mortgage Co. v. DeBrota*, 703 N.E.2d 160, 167 (Ind. Ct. App. 1998) (holding that mortgages do not transform a traditional debtor-creditor relationship into a fiduciary relationship absent an intent by the parties to do so); *Hopewell Enter., Inc. v. Hamm*ons, 608 So.2d 812, 817-18 (Miss. 1996) (holding that there is no expectation of confidentiality regarding information related to a mortgage including the amount of the payment); *Wells Fargo Realty Advisors Funding, Inc. v. Uioli, Inc.*, 872 P.2d 1359, 1365 (Colo. Ct. App. 1994) (holding that absent some special circumstances the legal relationship between a lending institution and its customer is that of debtor and creditor); *Schoneweis v. Dando*, 435 N.W.2d 666, 673 (Neb. 1989) (holding borrower cannot maintain an action alleging breach of confidentiality and further noting that one who defaults on his debt cannot expect his default to be kept a secret); and *Graney Dev. Corp. et. al. v. Taksen*, 400 N.Y.S.2d 720 (N.Y. App. Div. 1978) (declining to recognize confidential relationship between lender and borrower).

## CONCLUSION

Pursuant to Rule 12(b)(6), Plaintiffs have failed to state a claim upon which relief can be granted. As a result, in addition to the previously asserted claims, the claims for breach of confidence and breach of the covenant of good faith and fair dealing must be dismissed. Because Plaintiffs defaulted on the loan agreement, the covenant of good faith and fair dealing is inapplicable. Further, South Carolina does not recognize a cause of action for a breach of confidence between a lender and borrower, nor is the lender-borrower relationship a fiduciary one that would allow for a confidence claim to survive. Accordingly, the amended complaint should be dismissed.

This Supplemental Memorandum of Law is respectfully submitted in support of VMF's Motion to Dismiss.

                        NELSON MULLINS RILEY & SCARBOROUGH LLP

                        By: s/B. RUSH SMITH III
                              1320 Main Street / 17th Floor
                              Post Office Box 11070 (29211)
                              Columbia, SC  29201
                              (803) 799-2000

OF COUNSEL:

Frank A. Hirsch, Jr.
Matthew P. McGuire
Nelson Mullins Riley & Scarborough LLP
GlenLake One, Suite 200
4140 Parklake Avenue
P. O. Box 30519
Raleigh, NC  27612
(919) 877-3800

                              Attorneys for Defendants Clayton Homes, Inc. and Vanderbilt Mortgage and Finance, Inc.

November 16, 2006
Columbia, South Carolina